# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| MELISSA A. HERNANDEZ,<br>Plaintiff, | §<br>§<br>§ |
| v. | § CIVIL NO. 3:17-CV-260-RFC<br>§ |
| NANCY A. BERRYHILL,<br>*Acting Commissioner of*<br>*the Social Security Administration*<br>Defendant. | §<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claims for disability insurance benefits ("DIB") under Title II of the Social Security Act and supplemental security income ("SSI") under Title XVI of the Social Security Act. Both parties consented to trial on the merits before a United States Magistrate Judge, and the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules for this district. For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

## PROCEDURAL HISTORY

Plaintiff protectively filed an application DIB on January 17, 2014, and an application for SSI on January 24, 2014. (R:13). In both applications, Plaintiff alleged disability beginning on December 13, 2012. (*Id*.). These claims were denied on June 3, 2014, and upon reconsideration on August 25, 2014. (*Id*.). On June 28, 2016, a video hearing was held before Administrative Law Judge James Linehan ("ALJ"). (*Id*. at 33). An unfavorable decision was issued on August 5, 2016, and her request for review was denied on June 29, 2017. (*Id*. at 1–10).

1

**ISSUE**

Plaintiff presented the following issue for review:

1. The ALJ failed to elicit a reasonable explanation for the inconsistency between Vocational Expert's ("VE") testimony and the information contained in the Dictionary of Occupational Titles ("DOT") pursuant to Social Security Ruling 00–4p.

(ECF. 17:1–2).

**DISCUSSION**

**I.     Standard of Review**

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial evidence standard, a court must carefully examine the entire record, but may not reweigh the evidence or try the

issues *de novo*. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## II. ALJ's Hearing Decision

At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 13, 2012. (R:15). At the second step, the ALJ found that Plaintiff had the following severe impairments: cirrhosis secondary to alcohol abuse, depression, anxiety, and lumbar degenerative disc disease. (*Id*. at 16). At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or medically equaling one of the listed impairments. (*Id*.).

Before the fourth step, the ALJ found that Plaintiff had the residual functional capacity to perform light work. (*Id*. at 18). Plaintiff can lift 20 pounds occasionally and lift and carry 10 pounds frequently. (*Id*.). Plaintiff can stand and walk up to six hours with intermittent sitting per eight-hour day. (*Id*.). Plaintiff had unlimited use of feet for foot controls. (*Id*.). Plaintiff can frequently push and pull and reach overhead with both arms and she can frequently use her hands for fingering, feeling, and handling. (*Id*.). Plaintiff can occasionally balance, stoop, kneel, crouch, and crawl, but can never climb ramps, ladders, and scaffolds. (*Id*.). In addition, Plaintiff is limited to work that is of Specific Vocational Preparation ("SVP") level two or less as defined in the DOT. (*Id*.). Plaintiff had the ability to apply common sense understanding to remember, to carry out very short and simple written or oral instructions, and to make simple work-related

decisions. (*Id*.). Plaintiff can respond appropriately to routine workplace changes, supervisors, co-workers, and the general public. (*Id*.).

At the fourth step, the ALJ found that Plaintiff is unable to perform any past relevant work. (*Id*. at 22). Finally, at the fifth step, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id*. at 23). Specifically, Plaintiff satisfies the requirements of being an office helper, a booth cashier, and a ticket taker. (*Id*. at 24). Consequently, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, from December 13, 2012, through the date of the ALJ's decision. (*Id*.).

### III. Reasoning Ability Level Conflict

Plaintiff alleges that the ALJ erred by failing to elicit a reasonable explanation for the inconsistency between the VE's testimony and the information contained in the DOT pursuant to Social Security Ruling 00–4p. (ECF. 17:5). Specifically, Plaintiff argues that the ALJ's hypothetical is similar to the language used in reasoning level one—apply commonsense understanding to carry out simple one or two-step instructions. (*Id*.). Thus, the jobs provided by the VE at reasoning level 2 or 3 would likely be more complex than the jobs Plaintiff can perform. (*Id*. at 7).

The DOT identifies the reasoning development required to perform a particular job. Reasoning development is defined on a scale of 1 to 6, with level 1 being the lowest and level 6 being the highest. The VE in this case testified that Plaintiff could work as an office helper (DOT No. 239.567–010), a booth cashier (DOT No. 211.462–010), or a ticket taker (DOT No. 344.667-010). (R:53). The office helper and ticket taker jobs require reasoning level of 2, while the booth

cashier job requires reasoning level of 3. (ECF.17:5). The DOT describes the three reasoning development levels as follows:

> LEVEL 3: Apply commonsense understanding to carry out instructions furnished in written, oral or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.
>
> LEVEL 2: Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.
>
> LEVEL 1: Apply commonsense understanding to carry out simple one or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.

DICTIONARY OF OCCUPATIONAL TITLES, App. C (4th ed. 1991). However, as Social Security Ruling 00–4p notes: "The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings. A VE, VS, or other reliable source of occupational information may be able to provide more specific information about jobs or occupations than the DOT."

Regulations clearly permit ALJs to rely on either source of information when determining whether claimants can make adjustments to alternative available work. See 20 C.F.R. § 404.1566(d), (e) (2005). In some cases a VE's opinion may, as to a particular claimant's ability to perform alternative work, conflict with the DOT's explication of the requirements for particular jobs. Such conflicts have occurred frequently enough that various federal trial and appellate courts nationwide have discussed resolving such conflicts. In fact, the Commissioner has issued an interpretive ruling on the subject. *See* Soc. Sec. R. 00–4p, 2000 WL 1898704, at *2.

Under governing circuit law, an ALJ may in appropriate cases give greater weight to a VE's testimony than to findings in the DOT. *Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000).

The DOT provides standardized job information, while a VE's testimony is tailored to an individual's work skills as posed in an ALJ's hypothetical question. However, neither source automatically trumps the other, and neither regulation nor case law ranks one source above the other. *Romine v. Barnhart*, 454 F. Supp.2d 623, 626–27 (E.D. Tex. 2006). Each source initially has equal dignity and effect. *Id.* at 627.

An ALJ's discretion to choose between conflicting evidence is not unfettered. In *Carey v. Apfel*, the Fifth Circuit embraced a "middle ground" approach. 230 F.3d 131, 147 (5th Cir. 2000). When a direct and obvious conflict exists, and an ALJ fails to explain or resolve the conflict, the probative value of the VE's testimony is so lessened that a reversal and remand for lack of substantial evidence usually follows. *Veal v. Soc. Sec. Admin.*, 618 F. Supp.2d 600, 609 (E.D. Tex. 2009). But when the conflict is tangential, implied or indirect, and it did not undergo adversarial development at the administrative hearing, the VE's testimony may be accepted and relied upon by the ALJ without resolving the later-proffered conflict provided the record reflects an adequate basis for doing so. *Carey v. Apfel*, 230 F.3d at 146.

The Commissioner's policy for addressing and resolving conflicts between a VE's testimony and DOT information does not differentiate between obvious and implicit conflicts. Rather, the Commissioner directs that in all cases "the adjudicator has an affirmative responsibility to ask about any possible conflict between ... VE ... evidence and information provided in the DOT." Soc. Sec. R. 00–4p, 2000 WL 1898704, at *4. Further, the Ruling mandates:

> [B]efore relying on VE ... evidence to support a disability determination or decision, [the ALJ] must: Identify and obtain a reasonable explanation for any conflicts ... and Explain ... how any conflict ... was resolved.

*Id.* at *1. In the present case, the court will first examine if direct conflict exists. If the conflict is indirect and Plaintiff's attorney failed to develop the conflict during cross examination, this Court will examine if substantial evidence supports the ALJ's decision.

### A. Direct Conflict

There is no direct conflict. First, the ALJ satisfied his affirmative duty under Social Security Ruling 00–4p by inquiring if the VE's opinion conflicted with the DOT. The VE responded that there was no conflict. (R:53). Thus, nothing at the hearing showed any reason why the ALJ should have offered a reasonable explanation for the alleged conflict. *Veal v. Soc. Sec. Admin.*, 618 F. Supp.2d 600, 612 (E.D. Tex. May 21, 2009).

Second, the hypothetical provided by the ALJ did not necessarily conflict with the jobs provided by the VE. In his hypothetical, the ALJ indicated that Plaintiff has the ability to apply common sense understanding to remember, to carry out very short and simple written or oral instructions, and to make simple work-related decisions, respond appropriately to routine workplace changes, supervisors, coworkers and the general public. (R:52). In response to the hypothetical, the VE indicated that Plaintiff could perform light level work such as an office helper, a booth cashier, and a ticket taker. (R:52–53; ECF. 17:5). The ALJ's hypothetical did not only limit Plaintiff's reasoning to level 1. Further, numerous courts have found that reasoning level of 2 or even 3 is consistent with limitations of simple one or two-step tasks on a repetitive basis described in reasoning level 1. *Trest v. Colvin*, No. 3:14–cv–302–CWR–FKB, 2015 WL 5224477 * 4 (S.D.Miss. Sept. 8, 2015); *Johnson v. Astrue*, No. 11–3030, 2012 WL 5472418 * 13 (E.D. La. Oct. 5, 2012); *Gaspard v. Soc. Sec. Admin.*, 609 F. Supp.2d 607, 617 (E.D. Tex. April 8, 2009); *Veal v. Soc. Sec. Admin.*, 618 F. Supp.2d 600, 612 (E.D. Tex. May 21, 2009). Thus, the VE's testimony did not directly conflict with the DOT.

### B. Indirect Conflict

The conflict is indirect, and Plaintiff's attorney failed to develop this conflict during cross examination.[1] During cross exmination, Plaintiff's attorney did not raise the issue that the reasoning levels may be inconsistent with the hypothetical provided by the ALJ, nor did Plaintiff's attorney challenge the VE's testimony regarding the types of jobs that Plaintiff could perform. In fact, Plaintiff's attorney did not even ask the VE about the traits each job may have under the DOT. Accordingly, the conflict did not undergo adversarial development during cross examination.

### C. VE's Testimony

Under the standards established by *Carey v. Apfel*, even when an indirect conflict between the VE's testimony and the DOT is waived because it was not developed during cross examination, "once it is raised in an action for judicial review, the court must still investigate whether the record reflects an adequate basis" for relying on a VE's testimony. *Dugas v Astrue*, No. 1:07–CV–605, 2009 WL 1780121 * 6 (E.D. Tex. June 22, 2009) (internal quotations omitted). In this case, the ALJ's reliance on VE's testimony is supported by substantial evidence. As discussed earlier, the DOT provides standardized job information, while a VE's

---

[1] Plaintiff's attorney questioned the VE regarding Plaintiff's ability to perform the jobs at issue:
> Q: Yes, Ms. Keiser. Good morning. Good morning again. With the Judge's hypothetical that included the very short and simple instructions, did you understand that as simple one or two step instructions?
> A: I understood that to mean SVP 2. 1 or 2.
> Q: Okay. SVP just refers to the amount of time it takes for somebody to learn a job. That's why --
> A: Correct.
> Q: -- I was more alluding to the reasoning level and reasoning level 1, it uses very similar language to what the Judge had described. Apply commonsense, understand and carry out simple one or two step instructions.
> A: Correct for reasoning level 1.

(R:53–54).

testimony is tailored to an individual's work skills. Further, an ALJ has latitude in appropriate cases to generally prefer testimony of a VE's over conclusions in the DOT. *Carey v. Apfel*, 230 F.3d at 146. Based on the ALJ's hypothetical, the VE described several jobs in the national and regional economy that Plaintiff could do based on her physical and mental limitations. Finally, Plaintiff testified that she has no problem with her memory, taking down information, and concentration. (R:44). Thus, the ALJ did not error by accepting and relying on the VE's testimony without resolving the later-proffered conflict.

## CONCLUSION

The Court concludes that the alleged conflict was indirect, the conflict was not developed during cross examination, and the ALJ's decision is supported by substantial evidence. Based on the foregoing, it is hereby **ORDERED** that the Commissioner's determination be **AFFIRMED**.

**SIGNED** this 9th day of March, 2018.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE